UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WHITE, INDIVIDUALLY,
and MICHAEL WHILE, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF DARLA K. WHITE, DECEASED,

    Plaintiff,                        No. 18-11590

v.                                     District Judge Robert H. Cleland
                                       Magistrate Judge R. Steven Whalen

MEDTRONIC, INC, ET AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On or about April 17, 2018, Plaintiff Michael White filed a civil complaint in the Genessee County, Michigan Circuit Court, raising numerous claims arising out of injuries his now-deceased wife is alleged to have suffered as the result of her doctor's off-label use of the Defendants' medical device known as an "Infuse Bone Graft device" (the "Infuse device" or "the device"). On May 21, 2018, the Defendants Medtronic Inc. and Medtronic Sofamor Danek USA, Inc. removed the case to this Court on the basis of both diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331 [Doc. #1].

Before the Court is Plaintiff's Motion for Remand to State Court [Doc. #7], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I.  FACTS

In his motion, Plaintiff argues that the case must be remanded to state court "because all parties did not join in the removal action and did not timely join in the removal." *Plaintiff's Motion* [Doc. #7], ¶ 1. Specifically, Plaintiff argues that Defendant Medtronic Sofamor Danek, Inc. did not joint in the removal. Plaintiff named three separate corporate entities in his complaint: (1) Medtronic, Inc., (2) Medtronic Sofamor Danek USA, Inc., and (3) Medtronic Sofamor Danek, Inc. Entities (1) and (2) do not dispute service of process, and have filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) [Doc. #10].[1]

Plaintiff states that he served Medtronic Sofamor Danek, Inc. by registered mail on April 25, 2018, addressed to "Medtronic Legal Department, 2600 Sofamor Danke Dr., Memphis, TN 38132." *Motion*, ¶ 28; and p. 24, Pg. ID 424 (Proof of Service). He states that service was in compliance with M.C.R. 2.105. *Id.* ¶ 20. The U.S. Postal Service return receipt reflects that one Stacey Shields signed for the mailing on April 24, 2018. *Id.* p. 26, Pg. ID 426.

---

[1] By separate Report and Recommendation I have recommended that the motion to dismiss be granted [Doc. #25].

Appended to Defendants' response as Exhibit B is the Declaration of Jerri Province, a Principal Paralegal employed by Medtronic Sofamor Danek USA Inc. [Doc. #14, Exhibit B]. She states that the corporate filings of Medtronic Sofamor Danek, Inc. ("MSDI") state that it has registered agents for service in Indiana and Tennessee, and that the filing provide names and addresses for the registered agents in Indiana and Tennessee. *Province Declaration*, ¶ 4. The public filings provide that for legal process directed through the mail, the mailing address for MSDI is 710 Medtronic Parkway, NE, Minneapolis, MN 55432-3813. *Id*. ¶ 5(a). The public filings also provide that for any attempts to contact MSDI in Tennessee, "those contacts should be directed to its registered agent in Tennessee or specifically sent to the attention of the 'Medtronic Legal Department.'" *Id*. ¶ 5(b). Ms. Province states that when either MSDI's registered agents are served, or service of process is accomplished by mail, employees of Medtronic, Inc.'s law department receive notice of the suit. *Id*. ¶ 6.

Ms. Province states that "Plaintiff did not properly serve Medtronic Sofamor Danek Inc. through either of its available registered agents, did not send the legal process to the correct mailing address in Minnesota, and did not send it to anyone's attention (let alone the Medtronic Legal Department's attention) in Tennessee." *Id*. ¶ 7. As a result, she states, when the removal petition was filed by the other two Defendants, MSDI had not been properly served, and it was not until after Plaintiff's Motion for Remand was filed "that Medtronic learned that Plaintiff believed he had made proper service on

Medtronic Sofamor Danek, Inc." *Id*. ¶¶ 8-9.[2] She states, "We now understand that Plaintiff's attempt at service was received on April 26, 2018 by Stacey Shields, an employee of Xerox Corporation who was present at Medtronic Sofamor Danek USA, Inc.'s headquarters that day as a mailroom clerk." *Id*. ¶ 10. Ms. Shields primarily sends, files, sorts, and receives mail for Medtronic Sofamor Danek USA, Inc., and is neither an employee nor an agent of any of the Medtronic entities involved in this lawsuit. *Id*. ¶¶ 11-12.

## II. RELEVANT LEGAL PRINCIPLES

28 U.S.C. § 1446 provides that all defendants who have been "properly joined and served" must "consent to the removal of the action." "The exceptions to the general rule that all defendants join or consent to the petition for removal exist when: (1) *the non-joining defendant has not been served with service of process at the time the removal petition is filed*; (2) the non-joining defendant is merely a nominal or formal party; and, (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Klein v. Manor Healthcare Corp*., 19 F.3d 1433 (6th Cir. 1994)(Table) (emphasis added) (quoting *Courtney v. Benedetto,* 627 F.Supp. 523, 525-26 (M.D.La.1986)).

---

[2] Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. state that they received service of process through their registered agents.

In Michigan, service on a domestic or foreign corporation is governed by M.C.R. 2.105(D), which provides as follows:

> **(D) Private Corporations, Domestic and Foreign**. Service of process on a domestic or foreign corporation may be made by
>
> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

Service of process on a corporation may be made by any of these four alternatives. *Bunner v. Blow-Rite Insulation Co.*, 162 Mich. App. 669, 672, 413 N.W.2d 474, 476 (1987), citing *Clayton v. Ann Arbor Motor Inn, Inc.*, 94 Mich.App. 370, 374, 288 N.W.2d

432 (1979), lv. den. 410 Mich. 886 (1981).³

### III.   DISCUSSION

Plaintiff's motion to remand hinges on the question of whether Defendant MSDI was properly served under M.C.R. 2.105.  It was not properly served under Rule 2.105(D)(4), as Plaintiff argues, or any other section of the Court Rule.

Rule 2.105(D)(1) and (3) pertain to personal service on an officer or resident agent, and is clearly not applicable in this case.  Nor is Rule (D)(2), which provides for personal service on a director, trustee, or person in charge of an office *and* by certified mail to the principal office of the corporation.

This leaves us with Rule 2.105(D)(4),which provides for service by registered mail on the corporation and the Michigan Bureau of Commercial Services, Corporation Division under certain conditions. The first is that "the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law."  Plaintiff argues that Rule 205(D)(4)(a) applies because MSDI did not file a Certificate of Authority or appoint a resident agent in the State of Michigan.⁴

---

³ *Clayton* involved former Court Rule G.C.R. 105.4, which is substantially identical to current Rule M.C.R. 2.105.  *Bunner*, 162 Mich.App. At 672.

⁴ §§ (b) and (c) of Rule 205(D)(4), which refer to corporations that have failed to appoint officers or whose term of existence has expired, are not applicable to this case.

Unlike the other Defendants, MSDI did not appoint a Michigan resident agent or obtain a Certificate of Authority because under Michigan law, it was not required to do so. MSDI explains that it "exists as a non-operating entity, also known as a holding company." *Defendants' Response* [Doc. #14], p.5, Pg ID 892. MSDI further states, at pp. 5-6, Pg. ID 892-93:

> "Specifically, Medtronic Sofamor Danek, Inc. is an Indiana corporation with its principal office address at 710 Medtronic Parkway, NE, Minneapolis, MN 55432-3813....Medtronic Sofamor Danek, Inc. is not registered with the Michigan Secretary of State to conduct business in Michigan, and does not conduct business in Michigan. Medtronic Sofamor Danek, Inc. does not have a registered agent for service of process in Michigan, nor does it have any offices or employees in Michigan. In addition, Medtronic Sofamor Danek, Inc. does not have, and never had, any role in the manufacturing or distribution of the Infuse Device at issue here."

It is Plaintiffs' burden to demonstrate proper service. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). Here, he has not shown that MSDI is anything other than how Defendants describe it–a holding corporation that has no role in the manufacturing or distribution of the Infuse device. Because MSDI does not "transact business" in Michigan, it is not required to obtain a Certificate or appoint a local resident agent. "A foreign corporation, whether profit or nonprofit, is required to obtain a Certificate of Authority if it is 'transacting business' or 'conducting affairs' in this state." https://www.michigan.gov/documents/lara/8011_528148_7.pdf (last visited 2/24/09). *See also* M.C.L. § 450.2011 ("A foreign corporation shall not transact business in this state until it has procured a certificate of authority to transact business from the

-7-

administrator"). A foreign corporation that neither manufactures, sells, or distributes a product in Michigan is not "transacting business" within Michigan. As the Court noted in *Long Mfg. Co. v. Wright-Way Farm Serv., Inc.*, 391 Mich. 82, 88–89, 214 N.W.2d 816, 819–20 (1974), "It is not every act or transaction of a foreign corporation in the state that will bring it within the operation of laws imposing conditions on its right to do business in the state. The thing done must be of a character indicative of an intention on the part of the corporation to carry on its business in the state. There is implied in the term 'doing business' a continuity of act and purpose." *See also George Morris Cruises v. Irwin Yacht & Marine Corp.*, 191 Mich. App. 409, 416–17, 478 N.W.2d 693, 697 (1991)(citing *Wright-Way Farm Service* for the proposition that "a statute requiring a foreign corporation to procure a certificate of authority before transacting business in this state is inapplicable to a corporation that engages in an isolated activity not evidencing an intention to carry on the corporate business.").

Service under M.C.R. 205(D)(4)(a), which also requires service on Michigan Bureau of Commercial Services, by its terms applies only to Michigan corporations, not foreign corporations that do not transact business within the state. In *Williams v. MD Helicopters, Inc.*, 2015 WL 4546770, at *4 (E.D. Mich. 2015), the Court stated, "[S]ubsection (4) of MCR 2.105(D), by referencing the 'Michigan Bureau of Commercial Services' shows that the drafters of the Rule knew how to limit the rule's application explicitly to Michigan entities when they intended to do so." The Court rejected the

plaintiff's theory that under subsection (D)(4)(a), the foreign corporation defendant was required to appoint a Michigan resident agent or file a Certificate. Plaintiff's reliance on § (D)(4)(a) is therefore misplaced.

Moreover, as shown by the Declaration of Ms. Province, as well as the corporate filings, MSDI in fact appointed registered agents for service in Indiana and Tennessee, and provided addresses at which that Defendant could be served. Even assuming that service could have been effected by certified mail on those agents,[5] Plaintiff did not do so. Instead, he mailed the summons and complaint to the wrong address, and it was signed for by someone who had no relationship to MSDI or the Medtronic entities. This was not proper service, and was insufficient to give MSDI notice of the action. *See Smiley v. Detroit Tigers Baseball Club,* 2001 WL 1388382, at *1 (Mich. Ct. App. Nov. 6, 2001)(service ineffective where summons and complaint was left with a security guard at defendant's corporate offices, and where the security guard was employed by Little Caesar's, Inc., a separate corporation).

Therefore, because MSDI was not properly served at the time of removal, its consent to the removal was not required. *Klein v. Manor Healthcare Corp, supra*.

Plaintiff also argues that removal was improper under 28 U.S.C. § 1331 because there is no federal question jurisdiction. This argument is premised on Plaintiff's theory

---

[5] In *MD Helicopters*, unlike the present case, the defendant's out-of-state resident agent in fact received service and had notice of the suit.

that his state law claims are not preempted under the Medical Device Act, 21 U.S.C. § 360k(a). However, in a separate Report and Recommendation (R&R) in which I recommended granting the Defendants' motion to dismiss based on federal preemption [Doc. #25], I rejected that theory, and found that the claims were both expressly and impliedly preempted. Rather than repeat that analysis, I refer the parties to the R&R.[6]

## IV. CONCLUSION

Because this case was properly removed from state court, I recommend that Plaintiff's motion to remand [Doc. #7] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any

---

[6] Because there is clearly federal question jurisdiction, it is not necessary to address Plaintiff's argument that the case does not meet the $75,000 jurisdictional amount for diversity jurisdiction.

objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                      s/ R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: February 24, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 24, 2019, electronically and/or by U.S. mail.

                                      s/Carolyn M. Ciesla
                                      Case Manager to the
                                      Honorable R. Steven Whalen