**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL WHITE,

    Plaintiff,

v.                                                               Case No. 18-11590

MEDTRONIC, INC., et al.,

    Defendant.

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS,
AND DENYING PLAINTIFF'S MOTION TO REMAND**

Pending before the court is a report and recommendation ("R&R") (ECF No. 26) issued by Magistrate Judge Whalen which recommends denying Plaintiff's motion to remand. (ECF No. 7.) Plaintiff filed a series of timely objections to the R&R. (ECF No. 28.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objections, adopt the R&R, and deny Plaintiff's motion to remand.

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate

judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment or response to the other party's dispositive motion. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (collecting cases from the Eastern District of Michigan). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Plaintiff submits five objections that he labels as "general objections" and sixteen "specific objections." His general objections largely repeat earlier, unsuccessful arguments related to service and federal jurisdiction. The Magistrate Judge properly considered and rejected these arguments in this R&R and the R&R in which he recommends granting Defendants' motion to dismiss. (ECF No. 25.) Such general objections are not persuasive and insufficient to justify departing from the well-reasoned opinion of the Magistrate Judge. *See Funderburg*, No. 15-10068, at *1. Plaintiff's other general objections raise new, albeit unpersuasive, arguments regarding Defendants' standing to challenge the motion to remand, Defendants' affidavit evidence, and alternative methods of service. The court need not consider these waived arguments. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed

waived.") (citation omitted). Plaintiff's "specific" objections are difficult to decipher but similarly unavailing.

Many of Plaintiff's objections merely repeat variations of his legally unsubstantiated assertion that acceptance of his complaint by a non-employee mailroom clerk constitutes proper service of Defendant Medtronic Sofamor Danek, Inc. under Michigan law (Objections 1, 3, 6, 7, 8, 9, 14). The court finds that R&R contains an accurate and thorough explanation of the Michigan rules for service applicable to this case and is unpersuaded by Plaintiff's assertions to the contrary. Additionally, the court is not persuaded by Plaintiff's legally unsubstantiated objections related to the admissibility of an exhibit accompanying Defendants' motion to remand (Objection 4) nor the need for Defendant Medtronic Sofamor Danek, Inc. to register as a business in Michigan (Objections 10, 12). Regardless, Plaintiff fails to explain how these objections, or his objections challenging the terminology used (Objections 2, 13) and cases cited (Objections 5, 6) in the R&R, entitle him to any relief. They do not. Plaintiff's final objections (Objections 15, 16) involve issues raised by Defendants' motion to dismiss are not relevant here. Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (ECF No. 26) is ADOPTED and Plaintiff's objections (ECF No. 28) are OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's motion to remand (ECF No. 7) is DENIED.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: March 25, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 25, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\18-11590.WHITE.remand.R&R.HEK.docx