**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL WHITE,

    Plaintiff,

v.                                                    Case No. 18-11590

MEDTRONIC, INC, et al.,

    Defendant.

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS,
AND GRANTING DEFENDANTS' MOTION TO DISMISS**

Pending before the court is a report and recommendation ("R&R") (ECF No. 25) issued by Magistrate Judge Whalen which recommends granting Defendants' motion to dismiss all of Plaintiff's pro se claims. (ECF No. 10.) Plaintiff filed a series of timely objections to the R&R. (ECF No. 27.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objections, adopt the R&R, and grant Defendants' motion to dismiss.

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate

judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment or response to the other party's dispositive motion. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (collecting cases from the Eastern District of Michigan). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Plaintiff submits five objections labeled as "general objections." These objections merely repeat earlier, unsuccessful arguments Plaintiff raised in response to Defendants' motion to dismiss and do not add any new or relevant legal support for his claims. Such general objections are not persuasive and insufficient to justify departing from the well-reasoned opinion of the Magistrate Judge. *See Funderburg*, No. 15-10068, at *1.

Plaintiff's "specific" objections are similarly unavailing. Many of Plaintiff's objections repeat his earlier, unsuccessful argument related to federal preemption in which Plaintiff argues that Defendants' use of parts of the FDA-approved Infuse Device during the decedent's surgery somehow eliminates the device's FDA certification and, thereby, avoids federal preemption. (Objections 2, 7, 8, 13, 15, 16.) As thoroughly explained by the Magistrate Judge, such partial use of an FDA-approved device

constitutes off-label use, and the Supreme Court has plainly held that federal preemption applies to off-label use. (ECF No. 25, PageID 1281.) Plaintiff urges the court to ignore this Supreme Court precedent (Objections 9, 10, 11, 12) in favor of a different approach to preemption outlined in an amicus brief filed in relation to *Stengel v. Medtronic*, 704 F.3d 1224 (9th Cir. 2013), *cert. denied* 134 S. Ct. 2839 (2014), and attempts to draw support for his position from cases that have no relevance to the present matter (Objections 6, 14). The court is bound by precedent and is not persuaded by Plaintiff's legal citations.

Plaintiff's objections also address issues not before the court in this R&R, such as his motion to remand (Objections 3, 5) and facts irrelevant to Plaintiff's entitlement to relief, such as the page count of his complaint (Objection 1) and previous involvement in a mass tort action (Objection 4). Plaintiff's remaining objections relate to his fraud claim (Objection 17) and the applicable statute of limitations (Objection 18), but neither objection cites any relevant legal authority to justify alteration of the R&R. Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (ECF No. 25) is ADOPTED and Plaintiff's objections (ECF No. 27) are OVERRULED.

IT IS FURTHER ORDERED that Defendant's motion to dismiss (ECF No. 10) is GRANTED.

                                         s/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: March 25, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 25, 2019, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522